1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10

11

PHUONG DOAN, et al.,                          )     Case No. 04cv2039 J (RBB)
                                              )
12

                              Plaintiff,      )     Case No. 04cv2039 J (RBB)
                                              )
13

            vs.                               )     **1) DISMISSING DEFENDANT'S MOTION**
                                              )     **TO DISMISS AND MOTION IN LIMINE**
                                              )     **TO EXCLUDE EVIDENCE OF BIAS; OR**
14

MICHAEL J. ASTRUE, Commissioner               )     **ALTERNATIVELY MOTION TO**
of Social Security Administration,            )     **REMAND TO COMMISSIONER OF**
15

                                              )     **SOCIAL SECURITY;**
                              Defendant.      )
16

                                              )     **2) GRANTING DEFENDANT'S MOTION**
                                              )     **TO DISMISS AND/OR DISQUALIFY**
17

                                              )     **PHUONG DOAN AND JOSE HERNANDEZ**
                                              )     **AS CLASS REPRESENTATIVES;**
18

                                              )
                                              )     **3) DISMISSING DEFENDANT'S MOTION**
19

                                              )     **FOR SUMMARY JUDGMENT TO**
                                              )     **DISMISS ALL POTENTIAL CLASS**
20

                                              )     **MEMBERS WHO FAILED TO COMPLY**
                                              )     **WITH STATUTES OF**
21

                                              )     **LIMITATION/ADMINISTRATIVE**
                                              )     **EXHAUSTION REQUIREMENTS**
22

                                              )

23

24

25

        Before the Court is Defendant Michael J. Astrue's, Social Security Administrator

26

("Defendant") Motion to Dismiss and Motion in Limine to Exclude Evidence of Bias; or

27

Alternatively, Motion to Remand to Commissioner of Social Security; (2) Motion to Dismiss and/or

28

Disqualify Phuong Doan and Jose Hernandez as Class Representatives ; and (3) Motion for

1                                                    04cv2039 J (RBB)

1

2  Summary Judgment to Dismiss All Potential Class Members who Failed to Comply with Statutes

3  of Limitation/Administrative Exhaustion Requirements.  After careful review of the moving papers

4  and the argument presented at a hearing held before the Court on January 22, 2008,  the Court

5  **DISMISSES without prejudice** Defendant's Motion to Dismiss and Motion in Limine to Exclude

6  Evidence of Bias; or Alternatively, Motion to Remand to Commissioner of Social Security,

7  **GRANTS** Defendant's Motion to Dismiss and/or Disqualify Phuong Doan and Jose Hernandez as

8  class representatives, and **DISMISSES without prejudice** Defendant's Motion for Summary

9  Judgment to Dismiss all Potential Class Members who Failed to Comply with Statutes of

10  Limitation/Administrative Exhaustion Requirements.

11

12  *Background*

13      Plaintiff Doan is a claimant for federal Supplemental Security Income ("SSI") benefits.

14  (*See* Order Grant'g Mot. to Amend. Compl. at 1.)  Her application for SSI benefits was denied

15  by Administrative Law Judge New ("ALJ New").  (*See* Pl.'s Mem. Supp. Certific'n at 2.)  On

16  October 12, 2004, after having exhausted all administrative remedies, Plaintiff Doan challenged

17  Defendant's adoption of ALJ New's decision by filing the instant class action on behalf of

18  herself and "all claimants for ... [SSI] benefits whose claims had been assigned to [ALJ New] ...

19  and had their claims denied or dismissed by ALJ [New]."  (Compl. at 11-22.)  ALJ New, who

20  separated from the Social Security Administration in May of 2003, is now deceased.  (*See* Def.'s

21  Mem. Opp'n Certific'n at 1.).

22      On January 18, 2005, Defendant filed a Motion to Dismiss the Complaint for lack of

23  jurisdiction and failure to meet the class certification requirements.  [Doc. No. 9.]  The Court

24  denied the Motion, finding that jurisdiction exists under the Social Security Act Section 405(g)

25  and that Plaintiffs had satisfied the requirements for class certification.  (*See* Order Denying

26  Def.'s Mot. to Dismiss at 6, 11-12.)  On June 10, 2005, Plaintiffs filed a Motion to Amend

27  Complaint to add additional representatives.  [Doc. No. 21.]  Additionally, on November 30,

28  2005, Plaintiffs filed a Motion for Class Certification, asking that the Court certify the class as:

1

2   "All claimants for Title II Social Security Disability Insurance Benefits or Title XIV

3   Supplemental Security Income whose claims were denied or dismissed by ALJ New." (Pls.'

4   Mem. Supp. Mot. for Certific'n of Class at 3.)

5       On January 23, 2006, the Court issued an Order Granting in Part and Denying in Part

6   Plaintiff's Motion to Amend the Complaint. [Doc. No. 54.] The Court found that two of the

7   proposed representatives', Ms. Huynh and Ms. Lam, claims were barred by the doctrine of res

8   judicata because they were plaintiffs in a previously litigated class action suit, *La v. Barnhart*,

9   03cv1375-W(AJB) (S.D. Cal. July 11, 2003). This suit, which also alleged bias by ALJ New,

10  was dismissed. (*See* Order Granting in Part and Denying in Part Pl.'s Mot. to Amend. Compl. at

11  4, 8.) However, the Court granted Plaintiff's Motion as to Plaintiff Hernandez, adding him as a

12  class representative. (*See id.* at 11.) On August 21, 2006, the Court granted Plaintiff's Motion

13  for Class Certification, certifying the class as:

14          [A[ll claimants for Title II Social Security Disability Insurance Benefits or Title XIV
            Supplemental Security Income whose claims had been assigned to ALJ New and have
15          had their claims denied or dismissed by ALJ New, *with the exception of claimants
            whose claims are time barred under 42 U.S.C. § 405(g)*

16
    (Order Granting Pls.' Mot. for Class Certific'n at 9-10) (emphasis added))

17
        After Plaintiffs filed a Motion for Reconsideration pertaining to the scope of the defined
18
    class, the Court modified its ruling on March 5, 2007 explaining as follows:
19
            the statute-of-limitations issues is not so clear-cut as to justify a resolution without
20          affording Plaintiffs the opportunity to delineate further a factual basis for equitable
            tolling with respect to the unnamed Plaintiffs . . . . Accordingly, at this point, the
21          Court **FINDS** it unnecessary to include the time-barred exception for purposes of the
            class definition.
22
    (Docket No. 84, pg. 9). Based on that reasoning, the Court temporarily re-defined the class as:
23
            all claimaints for Title II Social Security Disability Insurance Benefits or Title XIV
24          Supplemental Security Income whose claims had been assigned to ALJ New and have
            had their claims denied or dismissed by ALJ New, except that the class shall not
25          include any person who has prosecuted any action in federal court in which the issue
            of ALJ New's alleged bias or predisposition to deny claims was addressed and
26          determined. (Docket No. 84, page 10, lines 4-9).

27      Plaintiff's are currently seeking a "declaratory judgment that ALJ New was biased against

28  them and had deprived them of their right to fair hearings before an impartial judge in violation

1

2   of the Social Security Act, 42 U.S.C. § 301 et. seq., the Administrative Procedure Act, 5 U.S.C.

3   § 551 et seq., and the Due Process Clause of the Fifth Amendment." (Pls.' Mem. Supp.

4   Certific'n at 2.)  Moreover, Plaintiffs seek an order directing Defendant to assign new social

5   security administrative law judges for *de novo* hearings of their applications for SSI benefits.

6   (*Id.*)

7
                                    ***Legal Standards***
8

9          a.    Motion to Dismiss

10         Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) is appropriate only

11  where it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his

12  claim which would entitle him to relief.'"  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061

13  (9th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A complaint may be

14  dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2)

15  insufficient facts under a cognizable theory.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

16  2001).  In reviewing the motion, the court must assume the truth of all factual allegations and

17  must construe them in the light most favorable to the nonmoving party.  *See Gompper v. VISX,*

18  *Inc.*, 298 F.3d 893, 895  (9th Cir. 2002).

19         b.    Motion in Limine

20         "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the

21  practice has developed pursuant to the district court's inherent authority to manage the course of

22  trials." *Luce v. United States*, 469 U.S. 38, 41 (1984).  Furthermore, the Ninth Circuit has held:

23         There is no need in this case to decide when, during the pretrial proceedings or the
            trial a motion in limine should be made, or when it should be ruled upon. The matter
24         should be left to the discretion of the trial court with a reminder that advance planning
            helps both parties and the court.  Trial by ambush may produce good anecdotes for
25         lawyers to exchange at bar conventions, but tends to be counterproductive in terms
            of judicial economy. . . . Motions in limine have proven their value in litigation. They
26         save jury time, and avoid the waste that sometimes results from haste when side-bar
            matters have to be urged in the course of the trial.
27
           Accordingly, it is appropriate to grant a motion in limine if it limits the waste of judicial
28
    resources.

                                            4                                      04cv2039 J (RBB)

1

2          c.         Motion to Remand

3          Pursuant to 42 U.S.C. § 405(g), a district court may "at any time order additional

4   evidence to be taken before the Commissioner of Social Security" upon a showing that there is

5   new evidence which is material, and that there is good cause for the failure to incorporate such

6   evidence into the record in a prior proceeding.  42 U.S.C. § 405(g).  Furthermore, "[s]uch

7   additional or modified findings of fact and decision shall be reviewable only to the extent

8   provided for review of the original findings of fact and decision."  *Id.*

9          d.         Motion for Summary Judgment

10         Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil

11  Procedure on "all or any part" of a claim where there is an absence of a genuine issue of material

12  fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) & (c);

13  *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under the

14  governing substantive law, the fact might affect the outcome of the case.  *See Anderson v.*

15  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Freeman v. Arpaio*, 125 F.3d 732, 735

16  (9th Cir. 1997).  A dispute about a material fact is genuine if  "the evidence is such that a

17  reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

18  When making its determination, the Court must view all inferences drawn from the underlying

19  facts in the light most favorable to the party opposing the motion.  *See Matsushita Elec. Indus.*

20  *Co. Ltd.  v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

21         The party seeking summary judgment bears the initial burden of establishing the absence

22  of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  The moving party can satisfy

23  this burden in two ways: (1) by presenting evidence to negate an essential element of the

24  nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a

25  showing sufficient to establish an element to that party's case on which that party will bear the

26  burden of proof at trial.  *See id.* at 322-23.  If the moving party fails to discharge this initial

27  burden, summary judgment must be denied and the court need not consider the nonmoving

28  party's evidence.  *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

1

2      If the moving party meets the initial burden, the burden shifts to the nonmoving party to

3  "set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

4  "The mere existence of a scintilla of evidence in support of the nonmoving party's position is not

5  sufficient." *Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) (citing

6  *Anderson*, 477 U.S. at 252); *see also Matsushita*, 475 U.S. at 586 (if the moving party meets this

7  initial burden, the nonmoving party cannot defeat summary judgment by merely demonstrating

8  "that there is some metaphysical doubt as to the material facts"). It is insufficient for the party

9  opposing summary judgment to "rest upon the mere allegations or denials of [her] pleading."

10  Fed. R. Civ. P. 56(3). Rather, the party opposing summary judgment must "by her own

11  affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

12  'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324

13  (quoting Fed. R. Civ. P 56(e)). "Disputes over irrelevant or unnecessary facts will not preclude

14  a grant of summary judgment." *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*,

15  809 F.2d 626, 630 (9th Cir. 1987). In addition, the Court is not obligated "to scour the records in

16  search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)

17  (citing *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). "[T]he district court

18  may limit its review to the documents submitted for purposes of summary judgment and those

19  parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sc. Dist.*,

20  237 F.3d 1026, 1030 (9th Cir. 2001).

21      "Where the record taken as a whole could not lead a rational trier of fact to find for the

22  nonmoving party, there is no 'genuine issue for trial.' " *Matsushita*, 475 U.S. at 587 (citing *First*

23  *Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). Moreover, "[a] district

24  court must enter summary judgment against a party who fails to make a showing sufficient to

25  establish an essential element of a claim, even if genuine factual disputes exist regarding other

26  elements of the claim." *Cunningham v. City of Wenatchee*, 214 F. Supp. 2d 1103, 1110 (E.D.

27  Wash. 2002) (citing *Celotex*, 477 U.S. at 323-24.)

28

6                                                04cv2039 J (RBB)

*Discussion*

**I.      Motion to Dismiss and Motion in Limine to Exclude Evidence of Bias; or Alternatively, Motion to Remand to Commissioner of Social Security**

Defendant argues that the express language of Section 405(g) limits the Court's review of ALJ decisions. [Doc. No. 121 at 3.] In support of his argument, Defendant cites *Richardson v. Perales* which provides that in a Section 405(g) lawsuit, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ...." 402 U.S. 389, 399-400 (1971). Defendant interprets this to preclude a district court from assuming a fact-finding role in the determination of bias on the part of an ALJ. [Doc. No. 121 at 3.] Instead, a court must apply a substantial evidence standard when reviewing the record for bias. *Id.* Defendant argues that this Court is unable to apply this standard to the instant action because the Commissioner was never afforded the opportunity to develop evidence of the presence or absence of bias on the part of ALJ New. (*Id.*) Accordingly, Defendant argues, the Court is statutorily prohibited from admitting or considering any evidence of bias raised by Plaintiffs. (*Id.*)

Plaintiffs argue in opposition that Defendant's motion is improper because Plaintiffs have not been afforded the opportunity to discover what practices or steps have been taken with regards to ALJ's administrative record. [Doc. No. 137 at 14.] Plaintiff requests that the Court allow the parties to continue discovery before reaching a determination on this motion. (*Id.* at 7.) The Court finds Plaintiffs' argument to be persuasive. As the Court noted in its Order on Plaintiffs' Motion for Modification of the Class, the procedures undertaken with regards to ALJ New's administrative record are not so clear-cut as to justify a resolution against Plaintiffs in the preliminary stages of this action. [Doc. No. 84 at 9.] This is especially the case because there is still discovery to be completed.[1] Defendant's motion is premature and, accordingly, the Court **DISMISSES without**

---

[1] [*See e.g.*, Doc. No. 117.] In this Minute Order, Magistrate Judge Brooks orders Defendant to provide responses to Plaintiffs' three remaining interrogatories upon receiving an order from this Court on Defendant's instant motions. These interrogatories require Defendant to provide the names and contact information of ALJ New's former law clerks, former secretaries, and former colleagues, all information that may provide further insight into ALJ New's administrative record.

1

2   **prejudice** Defendant's Motion to Dismiss, Motion in Limine to Exclude Evidence of Bias, or

3   Alternatively, Motion to Remand to Commissioner of Social Security.

4

5   **II.    Motion to Dismiss and/or Disqualify Phuong Doan and Jose Hernandez as Class Representatives**

6   Defendant claims that Plaintiffs Phuong Doan and Jose Hernandez, who have filed

7   individual actions against Defendant, are barred from this class action by the doctrine of res

8   judicata. [Doc. No. 122 at 5.]  The doctrine of res judicata is applicable when there exists: (1) an

9   identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the

10  parties.  (*Id.*)  Defendant argues that prior judgments have already been rendered against

11  Plaintiffs Doan and Hernandez in individual lawsuits that brought forth similar complaints as the

12  instant class action.  (*Id.* at 6.)  According to Defendant, Plaintiff has made the following same

13  allegations in both the individual lawsuits and the instant class action: that ALJ New was

14  "biased" or "prejudiced" against them, that he failed to provide them with a full and fair hearing,

15  that he violated their rights to due process, that he wrongfully found the plaintiffs to be not

16  credible, that he discounted their complaints of pain, that he improperly chastised them or

17  intimidated them, that he placed inadequate weight in their treating physicians' testimony, etc.

18  (*Id.* at 7.)

19  Defendant is correct in his assertion that Plaintiffs Phuong Doan and Jose Hernandez

20  have both received adverse rulings in individual actions that have identical claims to those

21  presented in the class action.  For example, Plaintiff Doan alleged in both her individual lawsuit

22  and the class action lawsuit that ALJ New "intimidated" her and wrongfully disregarded the

23  testimony of her treating physicians. [*See* Doc. No. 122 at 8.]  Similarly, Plaintiff Hernandez

24  alleged in both his individual lawsuit and the class action that ALJ New failed to provide him

25  with a full and fair hearing thereby violating his right to due process.  (*Id.* at 10.)

26  On September 28, 2005, United States District Court Judge Miller granted Defendant's

27  Motion for Summary Judgment against Plaintiff Doan in her individual action. *Doan v.*

28                                    8                                    04cv2039 J (RBB)

1

2   *Barnhart*, S.D. Cal. Case No. 04cv1824-M (AJB).  On June 15, 2007, the Ninth Circuit affirmed

3   Judge Jeffrey Miller's decision dismissing Plaintiff Doan's individual lawsuit.  *Doan v. Astrue*,

4   No. 05-56695, 2007 WL 1729924, at *1 (9th Cir. June 15, 2007).  On March 29, 2006, the

5   Honorable John Houston of the United States District Court for the Southern District of

6   California granted Defendant's Motion for Summary Judgment against Plaintiff Doan.

7   *Hernandez v. Barnhart*, S.D. Cal. Case No. 04cv0055-H (LSP)  Plaintiff Hernandez's appeal of

8   Judge Houston's Order is currently pending in the Ninth Circuit.  [Doc. 122 at 5.]

9          Plaintiffs do not argue in opposition that Plaintiffs Doan and Hernandez are alleging

10  different claims in the class action than they alleged in their individual actions.  Nor do Plaintiffs

11  argue that the decisions of the district courts in their individual actions were not final and on the

12  merits.  Instead, Plaintiffs argue that the suits are not barred under the doctrine of res judicata

13  because Plaintiffs are now alleging generalized bias as opposed to individualized bias in the

14  class action.  [Doc. No. 146 at 4.]   Plaintiffs argue that this distinction allows this Court to

15  consider more evidence in the class action than the courts were allowed to consider in their

16  individual actions.  (*Id.* at 5.)  The Court does not find Plaintiff's argument persuasive.  In order

17  to establish generalized bias on the part of ALJ New it will be necessary for the Court to

18  determine, to some degree, if ALJ New was biased towards each Plaintiff.  Additionally, many

19  of the claims presented in the class action refer to the individual experience of either Plaintiff

20  Doan and Plaintiff Hernandez.  [*See* Doc. No. 122 at 7-10.]  The sufficiency of this evidence to

21  establish bias would be considered under the same "substantial evidence" standard for either

22  individualized or generalized bias.  Judge Miller and Judge Houston have already reached

23  decisions contrary to Plaintiff's claim with regards to the sufficiency of this evidence.

24  Accordingly, this Court will not reconsider these already-litigated claims.  As such, this Court

25  **FINDS** that Plaintiffs Phuong Doan and Jose Hernandez are barred from presenting this action

26  under the doctrine of res judicata and **GRANTS** Defendant's Motion to Dismiss and/or

27  Disqualify Plaintiffs Phuong Doan and Jose Hernandez as Class Representatives.

28                                     9                                    04cv2039 J (RBB)

1

2

3

### III. Motion for Summary Judgment to Dismiss all Potential Class Members who Failed to Comply with Statute of Limitation/Administrative Exhaustion Requirements.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Defendant argues that, based on the Court's March 5, 2007 Order Temporarily Expanding the Class, it appears that all 886 claimants whose benefits were denied during ALJ New's tenure with the Agency are potential class members in this action. [Doc. No. 125 at 1.] Section 405(g) provides that Social Security claimants may obtain judicial review of any final decision of the Commissioner by filing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the [Commissioner] may allow." 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). (*Id.* at 3.) In order to obtain a "final decision," a claimant is required to first exhaust his or her administrative remedies by proceeding through a three stage administrative process that includes (1) seeking reconsideration of the denial of their benefits by the Agency, (2) requesting a hearing before an ALJ, and (3) seeking review of the ALJ's decision before the Agency's Appeals Council. (*Id.*) Defendant argues that the following categories of claimants should be dismissed from the class at this stage for the sake of judicial efficiency: (1) claimants who did not file a district court action within 60 days of the final decision denying their benefits; (2) claimants who did not request review by the Agency's Appeals Counsel; (3) claimants who did not request an administrative hearing; and (4) claimants who have subsequently applied for benefits with the SSA or who have already received a remand to the Agency. (*Id.* at 1-2.) Defendant argues that any of the 886 potential class members who did not exhaust administrative review procedures are procedurally barred from filing this suit unless the Plaintiff makes the necessary showing of "extraordinary circumstances" to excuse the potential claimants from the rule. [Doc. No. 142 at 4-5.]

24

25

26

27

Defendant's motion is again premature. With discovery still pending, the Court cannot with any confidence dismiss any potential claimant. As stated above, completed discovery will provide a clearer understanding of what administrative processes have been completed by each claimant. As such, the Court **DISMISSES without prejudice** Defendant's Motion to Dismiss

28

04cv2039 J (RBB)

all Potential Class Members who Failed to Comply with Statute of Limitation/Administrative Exhaustion Requirements.

### *Conclusion*

For the reasons stated above, the Court **DISMISSES without prejudice** Defendant's Motion to Dismiss and Motion in Limine to Exclude Evidence of Bias; or Alternatively Motion to Remand to Commisioner of Social Security; **GRANTS** Defendant's Motion to Dismiss and/or Disqualify Phuong Doan and Jose Hernandez as Class Representatives; and **DISMISSES without prejudice** Defendant's Motion for Summary Judgment to Dismiss All Potential Class Members who Failed to Comply with Statute of Limitation/Administrative Exhaustion Requirements.

**IT IS SO ORDERED.**

DATED:  January 29, 2008

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Brooks
    All Parties of Record

04cv2039 J (RBB)