1

2

3

4

5

6          UNITED STATES DISTRICT COURT

7        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

8

9   PHUONG DOAN, et al.,                )
                                        )
10                     Plaintiff,        )    Case No. 04cv2039 J (RBB)
                                        )
11          vs.                          )    **ORDER DENYING PLAINTIFFS'**
                                        )    **MOTION FOR RECONSIDERATION**
12                                       )
                                        )
13   MICHAEL J. ASTRUE,                  )
     Commissioner of Social Security     )
14   Administration,                     )
                                        )
15                     Defendant.        )
                                        )
16   _____

17

18          Before the court is Plaintiffs Phuong Doan and Jose Hernandez's (collectively,

19   "Plaintiffs") Motion for Reconsideration [doc. no. 157], and Defendant Michael J. Astrue's

20   ("Defendant") Opposition to Plaintiffs' Motion [doc. no. 158].   Plaintiffs move for

21   reconsideration, pursuant to Federal Rule of Procedure 60(b), of this Court's January 29, 2008

22   Order disqualifying them as class representatives and dismissing them from this class action.

23   Plaintiffs claim that under rule 60(b): (1) this Court committed clear error and its initial decision

24   was clearly unjust; (2) there was misrepresentation by the opposing party; and (3) there is newly

25   discovered evidence that should establish that Defendant had previously stipulated or admitted

26   that Plaintiff Doan's individual action did not raise the issue of bias.  For the reasons set forth

27   below this Court **DENIES** Plaintiffs' Motion for Reconsideration.

28                              *Background*

Plaintiffs Doan and Hernandez are claimants for federal Supplemental Security

Income ("SSI") benefits. (*See* Order Grant'g Mot. to Amend. Compl. at 1.)  Their applications for SSI benefits were each denied by Administrative Law Judge New ("ALJ New").  (*See* Pl.'s Mem. Supp. Certific'n at 2.)  Both plaintiffs filed individual actions against Judge New asserting bias on the part of ALJ New.  [Doc. No. 122 at 2-5.]  On September 28, 2005, United States District Court Judge Jeffrey Miller granted Defendant's Motion for Summary Judgment against Plaintiff Doan in her individual action.  *Doan v. Barnhart*, S.D. Cal. Case No. 04cv1824-M (AJB).  On June 15, 2007, the Ninth Circuit affirmed Judge Miller's decision dismissing Plaintiff Doan's individual lawsuit.  *Doan v. Astrue*, No. 05-56695, 2007 WL 1729924, at *1 (9th Cir. June 15, 2007).  On March 29, 2006, United States District Court Judge John Houston granted Defendant's Motion for Summary Judgment against Plaintiff Hernandez. *Hernandez v. Barnhart*, S.D. Cal. Case No. 04cv0055-H (LSP).  Plaintiff Hernandez's appeal of Judge Houston's Order is currently pending in the Ninth Circuit.  [Doc. 122 at 5.]

On October 12, 2004, one month after filing her own individual action, Plaintiff Doan challenged Defendant's adoption of ALJ New's decision by filing the instant class action on behalf of herself and "all claimants for ... [SSI] benefits whose claims had been assigned to [ALJ New] ...and had their claims denied or dismissed by ALJ [New]." (Compl. at 11-22.)  ALJ New, who separated from the Social Security Administration in May of 2003, is now deceased.  (*See* Def.'s Mem. Opp'n Certific'n at 1.)  Plaintiffs filed a Motion to Amend Complaint to add additional representatives.  [Doc. No. 21.]  This Court granted Plaintiff's Motion in regards to Plaintiff Hernandez, adding him as a class representative.  (*See id.* at 11.)  On August 21, 2006, the Court granted Plaintiff's Motion for Class Certification, certifying the class as:

> All claimants for Title II Social Security Disability Insurance Benefits or Title XIV Supplemental Security Income whose claims had been assigned to ALJ New and have had their claims denied or dismissed by ALJ New, *with the exception of claimants whose claims are time barred under 42 U.S.C. § 405(g)*

(Order Granting Pls.' Mot. for Class Certific'n at 9-10) (emphasis added)).

After Plaintiffs filed a Motion for Reconsideration pertaining to the scope of the

1   defined class, the Court modified its ruling on March 5, 2007 explaining as follows:

2   > ...the Court temporarily re-defined the class as: all claimants for Title
3   > II Social Security Disability Insurance Benefits or Title XIV
    > Supplemental Security Income whose claims had been assigned to ALJ
4   > New and have had their claims denied or dismissed by ALJ New,
    > except that the class shall not include any person who has prosecuted
    > any action in federal court in which the issue of ALJ New's alleged
5   > bias or predisposition to deny claims was addressed and determined.

6   (Docket No. 84, page 10, lines 4-9).

7        On November 27, 2007, Defendant filed a Motion to Dismiss Plaintiffs Doan and

8   Hernandez as class representatives. [Doc. No. 123.]  This Court granted the motion on the

9   grounds that Judge Miller and Judge Houston had already reached decisions contrary to

10  Plaintiffs claim and further review by this Court would be a reconsideration of already

11  litigated claims.  [Doc. No. 153.]  Plaintiffs have now filed a Motion for Reconsideration of

12  the Court's Order.  [Doc. No. 155.]

13                                      ***Legal Standard***

14       The Ninth Circuit has held that rule 60(b) only applies to motions challenging final

15  appealable orders.  *See United States v. Martin*, 226 F. 3d 1042, 1048 (9th Cir. 2000).  Rule

16  60(b) is specifically limited to instances where the movant demonstrates in pertinent part the

17  existence of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

18  evidence which by due diligence could not have been discovered in time to move for a new

19  trial under Fed. R. Civ. P. 59(b); (3) fraud. . . misrepresentation, or other misconduct of an

20  adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

21  discharged; (6) any other reason for justifying relief from the operation of the judgment."

22  Fed. R. Civ. P. 60(b).  "Rule 60(b)(6) has been used sparingly as an equitable remedy to

23  prevent manifest injustice."  *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047,

24  1049 (9th Cir. 1993).

25                                       ***Discussion***

26       Plaintiffs Doan and Hernandez are currently asking this Court to reconsider its

27  decision dismissing them as class representatives.  The Court **DENIES** the instant motions

28  for reconsideration because Doan and Hernandez have presented no basis for relief under any

    provision of Rule 60(b).

                                             3

## I.   **Plaintiffs's Fail to Demonstrate  Mistake, Inadvertence, Surprise or Excusable Neglect.**

Plaintiffs first argue that they meet the requirements set forth in 60(b)(1).  Plaintiffs assert that "the Court committed clear error and its initial decision was manifestly unjust when it dismissed Plaintiffs as class representatives."  [*See* Doc. No. 157 at 3.]  "To qualify for equitable relief under Rule 60(b)(1), the movant must demonstrate 'mistake, inadventence, surprise, or excusable neglect.'" *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038,1043 (9th Cir. 1992).  In particular, Plaintiffs argue that the Court "ignored Plaintiffs' opposition brief" and erred in applying the res judicata doctrine.  (Pl. Mot. to Reconsider at 3.)  Plaintiffs argue that the suits are not barred under the doctrine of res judicata because they are alleging generalized bias in the instant class action as opposed to the individualized bias Plaintiffs alleged in their individual actions. [Doc. No. 146 at 4.]

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Id.*  "The central criterion in determining 'whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000).  Here, the Court correctly held that the adjudicated claims of bias and prejudice in the individual actions precluded Doan and Hernandez from litigating the "general bias" claims at issue for the certified class.  Because the individualized bias and generalized bias arise from the same nucleus of fact, the individual claim was judged on the merits and the parties are the identical, Petitioners are not entitled to relief from the Court's Order dismissing them as class representatives.

As this Court recognized in its January 29, 2008 Order, the Court's ultimate adjudication of the "general bias" claim will require some review of ALJ New's alleged bias towards each individual Plaintiff.  [*See* Doc. 153 at 9:16-24.]  The District Court has already considered the administrative records associated with the applications of Doan and

Hernandez and determined that ALJ New properly denied their applications, satisfying the standard of substantial evidence.  [Doc. No. 122 at 2-5.]  This Court has implicitly recognized that allowing Doan and Hernandez to proceed as the class representatives would permit a collateral attack on the judgments already rendered in those individual cases.  (*See id.*)  The doctrine of res judicata is primarily intended to avoid such an outcome by providing finality to litigation.  The Court did not find Plaintiffs argument persuasive in its January 29, 2008 Order, and does not find it persuasive here.  All of the elements of res judicata are present: (1) an identity of claims in all actions, (2) final judgments on the merits in the individual actions, and (3) identity of parties in the class and individual actions.  *See Owens*, 244 F.3d at 713-14.  As such, this Court **FINDS** there was no mistake made and that Plaintiffs Phuong Doan and Jose Hernandez are barred from serving as the class representatives in this action.

## II.   Plaintiffs Fail to Show There is Newly Discovered Evidence.

Plaintiffs also ask the Court to reconsider its Order because of newly discovered evidence.  Rule 60(b)(2) permits relief from judgment where there is newly discovered evidence that could not have been discovered previously.  Fed. R. Civ. P. 60(b)(2).  "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of 60(b); (2) the moving party exercised due diligence to discover this evidence and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. V. City of Spokane*, 331. F.3d 1082, 1093 (9th Cir. 2003).  In making their claim, Plaintiffs rely on a transcript of the hearing before Magistrate Ruben Brooks on August 22, 2005, as their "newly discovered"evidence.  [*See* Doc. 157 at 23.]  Plaintiffs claim the transcript shows that they did not raise any issue of ALJ bias in their hearing with Judge Brooks.  (*See id.*)  However, Plaintiffs fail to acknowledge that this transcript was available at the time Defendant filed his Motion to Dismiss.  Plaintiff's failure to utilize the transcript is not a consequence of the transcript being newly discovered evidence but rather a conscious decision on Plaintiffs' part to disregard whatever proof that transcript may have provided in

04cv2039 J (RBB)

1    making their argument to the Court in opposition to Defendant's Motion to Dismiss.

2    Accordingly, this transcript is not newly discovered evidence as required by Rule 60(b)(2).

3        **III.**      **<u>Plaintiffs Fail to Show Fraud, Misrepresentation, or Other Misconduct</u>**.

4          Plaintiffs also rely on subsection (3) of Rule 60(b) in support of their Motion for

5    Reconsideration.  Rule 60(b)(3) permits equitable relief for "fraud, misrepresentation, or

6    misconduct by an opposing party."  Plaintiffs claim that Defendant made misrepresentations

7    in the filing motions to disqualify Plaintiff Doan, when they listed a chart showing

8    similarities between claims made in the class action and claims made in Plaintiffs' individual

9    actions. [Doc. 157 at 5.]  Specifically, Plaintiffs argue that allegations by Defendant that the

10   "boilerplate" language in Plaintiff Doan's individual action raised identical claims in the

11   class action amounts to misrepresentation by Defendant.  (*Id.* At 6.)  Rule 60(b)(3) is aimed

12   at judgments which were unfairly obtained not at those which are factually incorrect." *De*

13   *Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir. 2000).  To prevail,

14   "the moving party must prove by clear and convincing evidence that the verdict was obtained

15   through fraud, misrepresentation, or other misconduct."  *Id.*  Here, Defendant's claim that

16   Plaintiffs used "boilerplate" language does not amount to misrepresentation.  Defendant can

17   be expected to fully argue his Motion to Dismiss by using descriptive words such as

18   "boilerplate" in the moving papers.  The centerpiece of Defendant's argument was not that

19   the language was "boilerplate" but that the claims brought by Plaintiff were similar.  This

20   Court found that there were similarities in both Complaints as evidenced by the language that

21   Defendant cited to in the Complaints.   This Court did not, and was not, required to render a

22   decision on whether the language was "boilerplate" but instead whether the claims were

23   similar as evidenced by the language to which Defendant directed the Court's attention.

24   There was no misrepresentation on Defendant's part but instead advocacy.  Additionally, this

25   Court considered and found similarity in the Complaints as alleged by Defendant.

26   Accordingly, Plaintiffs have failed to provided any evidence that there has been fraud,

27   misrepresentation, or misconduct on the part of Defendant and this Court **DENIES** Plaintiffs

28   60(b)(3) motion.

**IV.   Plaintiffs Fail to Show Any Other Reason for Justifying Relief From the Operation of the Judgment.**

Judgments are not often set aside under Rule 60(b)(6).  *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  Rather, the Rule is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005).  Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion."  *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

Rule 60(b)(6) is to be used only where the more specific provisions of Rule 60(b)(1) through (5) are inapplicable.  *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088-89 (9th Cir. 2001) ("the long-standing rule in this circuit is that, clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule").  Here, the circumstances do not rise to the level of "manifest injustice" warranting equitable relief.  Plaintiffs belief that the Court's ruling is incorrect does not qualify as the type of extraordinary circumstance which would entitle them to relief under Rule 60(b)(6).  As such, Plaintiffs are not entitled to relief under Rule 60(b)(6).

### Conclusion

For the reasons stated above, this Court **DENIES** Plaintiffs Motion for Reconsideration.

**IT IS SO ORDERED.**

DATED:  May 13, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Brooks
    All Parties of Record

04cv2039 J (RBB)