UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHUONG DOAN and DOES 1-100, | ) | Civil No. 04cv2039 DMS(RBB) |
| | ) | |
| Plaintiffs, | ) | SUPPLEMENTAL ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO COMPEL |
| v. | ) | RESPONSES TO INTERROGATORIES |
| | ) | [DOC. NO. 218] AND STRIKING |
| MICHAEL J. ASTRUE, Commissioner | ) | PLAINTIFFS' REQUEST FOR |
| of Social Security, | ) | JUDICIAL NOTICE [DOC. NO. 271] |
| | ) | |
| Defendant. | ) | |

On September 1, 2009, the Court issued an Order Granting Defendant's Motion to Compel Responses to Interrogatories [doc. no. 255], finding that the six class representatives were to answer the interrogatories and subparts without objection. (Order Granting Def.'s Mot. Compel Depo. Testimony & Produc. Docs. 5.)  The Court requested supplemental briefing on the scope of responses from each class representative. (Id.)  Defendant was authorized to file a supplemental brief, followed by a responsive brief from Plaintiffs, and a final reply by Defendant. (Id.)  Each filing was limited to ten pages.

On September 8, 2009, Defendant's Supplemental Briefing Regarding Scope of Plaintiffs' Responses to Contention Interrogato-

ries was filed [doc. no. 258].[1]  Plaintiffs' Reply in Opposition to Defendant's Motion to Compel Responses to Interrogatories was filed on September 15, 2009 [doc. no. 266].  On September 18, 2009, Defendant's Reply to Supplemental Briefing Regarding Scope of Plaintiffs' Responses to Contention Interrogatories was filed [doc. no. 270].  Plaintiffs filed a Surreply in the form of a Request for Judicial Notice in Response to Defendant's Motion to Compel Responses to Interrogatories on September 18, 2009 [doc. no. 271].

As an initial matter, Defendant's Reply to Supplemental Briefing Regarding Scope of Plaintiffs' Responses to Contention Interrogatories contains a five-page brief, a two-page Declaration from Dianne Schweiner, and twenty-five pages of exhibits [doc. no. 270].  Because the Court permitted supplemental briefings limited to ten pages each, including exhibits, the last twenty-two pages of Defendant's exhibits are stricken from the record.  The Court did not permit Plaintiffs to file a surreply, so the Court strikes from the record Plaintiffs' Request for Judicial Notice in Response to Defendant's Motion to Compel Responses to Interrogatories [doc. no. 271].

**BACKGROUND**

Defendant argues that "the named Plaintiffs are obligated to disclose:  (1) any facts within their personal knowledge regarding the unnamed class members' claims and (2) any information regarding the unnamed class members' claims that is known to class counsel Alexandra Manbeck."  (Def.'s Supplemental Br. Regarding Scope Pls.'

---

[1] Because Defendant's Supplemental Briefing Regarding Scope of Plaintiffs' Responses to Contention Interrogatories is not consecutively paginated, the Court will cite to it using the page numbers assigned by the Court's electronic case filing system.

1 Resp. Contention Interrogs. 1-2.)  Defense counsel explains that
2 she does not expect each of the six named class represetnatives to
3 perform a class-wide investigation in order to respond to the
4 interrogatories, but she expects to receive responsive information
5 based on the Plaintiffs' knowledge and information within class
6 counsel's knowledge.  (Id. at 3.)

7      Defendant contends that if Plaintiffs have knowledge about any
8 of the unnamed class members' claims, that information should be
9 disclosed because it is information "available" to them.  (Id.)
10 "If the named Plaintiffs do not personally possess such knowledge,
11 they are required to provide verified responses to that effect."
12 (Id.)

13      Defendant asserts, "Once interrogatories have been directed to
14 a party, that party 'is then required to give all information known
15 to it or its attorney.'"  (Id. at 4 (quoting 8 Wright, Miller, &
16 Marcus, Federal Practice and Procedure § 2171 (2d ed. 2009) (empha-
17 sis omitted).)  Defendant argues that even if the factual basis for
18 certain contentions comes solely from Plaintiffs' counsel's knowl-
19 edge, that information is discoverable.  (Id. at 4-5 (citing
20 Hickman v. Taylor, 329 U.S. 495, 504, 517 (1947); Ochotorena v.
21 Adams, 2009 U.S. Dist. LEXIS 61852, No. 1:05-cv-01524-LJO-DLB-PC,
22 *5 (E.D. Cal. July 7, 2009); In re Dayco Corp. Deriv. Sec. Litig.,
23 99 F.R.D. 616, 623 (S.D. Ohio 1983); Penk v. Oregon State Bd. of
24 Higher Ed., 99 F.R.D. 511, 516-17 (D. Or. 1983).)

25      Finally, Defendant claims the discovery is proper because
26 Plaintiffs' initial disclosures provide information regarding
27 witnesses and documents, but not the facts or contentions which are
28 sought by the interrogatories.  (Id. at 3.)

Plaintiffs oppose the discovery by arguing that it is futile and cumulative because "class counsel does not have any information not known to defendant's counsels." (Pls.' Reply Opp'n Def.'s Mot. Compel Interrogs. 1.) Plaintiffs' counsel claims that because she has supplemented her initial disclosures listing additional witnesses, "there is no basis whatsoever to require plaintiffs' counsel to disclose privileged information by interrogatories which were purportedly directed at class representatives, none of whom has any knowledge to be able to respond to the interrogatories." (Id.) Counsel states that the interrogatories are, in effect, an improper attempt to depose her. (Id.)

Plaintiffs counsel explains, "Any information [she has] obtained about the absent class members [was] provided by the defendant through a hard-copy file currently maintained by the defendant's counsel . . . ." (Id. at 2.) She asserts defense counsel can find the information she seeks in those files, from the unnamed class members themselves, or from their attorneys. (Id.)

Plaintiffs' counsel further alleges, "Given that plaintiffs' counsels do not have the complete administrative record of any absent class members except for the representative class members, (which defendant provided) the defendant's claim that plaintiffs' counsel could or should provide 'information' responsive to the interrogatories is inaccurate." (Id.) "If the defendant provides plaintiffs' counsels with [the files of the unnamed class representatives], then plaintiffs' counsels could analyze them and ferret out any 'facts' responsive to defendant's interrogatories." (Id. at 3.) But she contends that it would take her a great amount of time and effort to accomplish and suggests that defense counsel

can review the administrative records for each unnamed class member and find facts responsive to the interrogatories. (Id.) She also asks the Court to allow her not to respond to the interrogatories because Defendant has accused her of making misrepresentations to the Court. (Id.)

Defendant does not desire to depose Plaintiffs' counsel or require her to produce documents in response to the interrogatories but; rather, she seeks disclosure of "information already known to Plaintiffs and information on which Plaintiffs intend to rely at trial or in motions for summary judgment." (Def.'s Reply Supp. Br. Regarding Scope Pls.' Responses Contention Interrogs. 1-3.) Defense counsel explains that she "cannot be expected to guess at what facts Plaintiffs believe are relevant and support the contentions stated in their Complaint." (Id. at 3.) Defendant argues that if there are no facts supporting a contention in the Complaint, Plaintiffs "simply need to so state." (Id. at 5.) But, "to the extent any facts exist (even if only gleaned from Ms. Manbeck's personal conversations with individuals off the record), they must be disclosed at this stage so that Defendant can properly prepare for trial." (Id.)

**DISCUSSION**

Federal Rule of Civil Procedure 33 provides, "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Thus, "a party may be required to disclose opinion or contentions in its answers to interrogatories, so long as they relate to facts." 7 James Wm. Moore et al., Moore's Federal Practice § 33.62[2], at 33-56 (3d ed. 2008) ("For

example, plaintiffs' interrogatories requesting defendants to identify each basis on which they claimed that a statement of the plaintiffs constituted an admission did not seek undiscoverable attorney work product even though the interrogatories sought factual conclusions that 'intruded on the thought process' of the parties' attorney.").

"A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." Hickman v. Taylor, 329 U.S. at 504. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Id. at 507. Interrogatories may seek factual information known to the party or known to the party's attorney. See In re Dayco Corp. Deriv. Sec. Litig., 99 F.R.D. at 623-24; Penk v. Oregon State Bd. of Higher Ed., 99 F.R.D. at 516-17 (holding that factual information conveyed to an attorney by class members is not shielded from discovery by the attorney-client privilege; such information is discoverable from the class through interrogatories). Other authorities agree that factual information is discoverable even when the information was obtained through the attorney's own investigation. 7 James Wm. Moore et al., Moore's Federal Practice § 33.62[3], at 33-57 ("The work product doctrine does not protect relevant, objective, and evidentiary facts, and the identity of persons with knowledge of those facts, even if counsel became privy to those facts during interviews or investigation in the course of the litigation.")

Here, the Court has already found that Plaintiffs must respond to the interrogatories without objection. The question before the Court is whether those responses may be limited to the class

representatives' personal knowledge. The Court finds such a limit is not appropriate. The facts underlying Plaintiffs' contentions are not work product, but even if they were, the attorney work-product privilege is waived by introducing those facts into evidence in opposition to a motion or at trial. Because the interrogatories seek information regarding the factual basis for Plaintiffs' contentions, responses must include information known to the class representatives and Plaintiffs' counsel. Plaintiffs counsel need not perform additional investigation in order to respond to the interrogatories, but she must respond with any information available to Plaintiffs or any factual or contention information available to her.

**CONCLUSION**

The only issue authorized for supplemental briefing, and consequently, the only issue determined by this Order is the proper scope of the interrogatory responses ordered on September 1, 2009.

The last twenty-two pages of exhibits to Defendant's Reply to Supplemental Briefing Regarding Scope of Plaintiffs' Responses to Contention Interrogatories [doc. no. 270] and Plaintiffs' Request for Judicial Notice in Response to Defendant's Motion to Compel Responses to Interrogatories [doc. no. 271] are stricken from the record.

The Court finds that responses to the interrogatories should include any available information which incorporates anything within the knowledge of the class representatives and any facts or factual contentions within the knowledge of Plaintiffs' counsel.

1  To the extent necessary to comply with this order, Plaintiffs may
2  supplement their responses by October 20, 2009.
3      IT IS SO ORDERED.

5  Dated: October 6, 2009

                                 Ruben B. Brooks
6                    United States Magistrate Judge

7  cc:
  Judge Sabraw
8  All Parties of Record